## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

Nicole D. Hatcher,

      Plaintiff,

  v.

ABC Financial Services, Inc.,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.:  1:19-cv-4248

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

For this Complaint, the Plaintiff, Nicole D. Hatcher, by undersigned counsel, states as follows:

### JURISDICTION

1.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.  The Plaintiff, Nicole D. Hatcher ("Plaintiff"), is an adult individual residing in Greensburg, Indiana, and is a "person" as defined by 47 U.S.C. § 153(39).

4.  Defendant ABC Financial Services, Inc.  ("ABC"), is an Arkansas business entity with an address of 8320 Highway 107, Sherwood, Arkansas 72116, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.      Within the last year, ABC began calling Plaintiff's cellular telephone, number 765-xxx-3040, in an attempt to collect a consumer debt allegedly owed by Plaintiff.

6.      At all times mentioned herein, ABC called Plaintiff using an automatic telephone dialing system ("ATDS").

7.      When Plaintiff answered calls from ABC, she heard silence and had to wait on the line before she was connected to the next available representative.

8.      In June 2019, Plaintiff spoke with a live representative and requested that all calls to her cease.

9.      Nevertheless, ABC continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

10.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

12.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that

2

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13.     Defendant's telephone system(s) have some earmarks of a predictive dialer.

14.     When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative.

15.     Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendant was and is assigned to a cellular telephone serviced by Straight Talk for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18.     Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

19.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C.  Such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED ON ALL COUNTS

Dated: October 17, 2019

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq., #15052-49
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff